IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GCU f/k/a GREEK CATHOLIC UNION OF THE U.S.A., | ) ) ) 2:19-cv-00414-RJC ) ) ) Judge Robert J. Colville ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, | |
| vs. | |
| HUNTINGTON NATIONAL BANK, | |
| Defendant/Third-Party Plaintiff, | |
| vs. | |
| CIM INVESTMENT MANAGEMENT, INC., | |
| Third-Party Defendant. | |

## MEMORANDUM ORDER OF COURT

Robert J. Colville, United States District Judge

Before the Court is the Motion to Vacate Order Granting Improper Stipulation of Dismissal (ECF No. 47) filed by Third-Party Defendant CIM Investment Management, Inc. ("CIM"). CIM challenges this Court's September 18, 2020 Order (ECF No. 45), which granted the Joint Stipulation of Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) (ECF No. 44) filed by Plaintiff GCU f/k/a Greek Catholic Union of the U.S.A. ("GCU") and Defendant/Third-Party Plaintiff Huntington National Bank ("Huntington"). CIM requests that this Court: (1) vacate its Order granting the purportedly improper Joint Stipulation of Dismissal filed by GCU and Huntington; and (2) require GCU and Huntington to instead file a motion for voluntary dismissal pursuant to Rule 41(a)(2). Mot. 2, ECF No. 47. Both GCU and Huntington have filed Briefs in

1

Opposition (ECF Nos. 50 and 53, respectively) to CIM's Motion.  CIM filed a Reply (ECF No. 55) on September 30, 2020.  For the reasons discussed below, this Court will deny CIM's Motion.

On September 18, 2020, Huntington dismissed the claims set forth against CIM in Huntington's Second Amended Third-Party Complaint (ECF No. 35) without prejudice pursuant to Fed. R. Civ. P. 41(c) and Fed. R. Civ. P. 41(a)(1)(A)(i).  Notice of Dismissal 1, ECF No. 43.  In its Motion to Vacate, CIM does not challenge the dismissal of Huntington's claims against CIM.  Thereafter, Huntington and GCU filed their Joint Stipulation of Dismissal, which purports to dismiss the above-captioned matter without prejudice and cites Fed. R. Civ. P. 41(a)(1)(A)(ii) as the basis for dismissal.  Pursuant to Rule 41(a)(1)(A)(ii), a plaintiff may voluntarily dismiss an action without a court order by filing "a stipulation of dismissal signed by all parties who have appeared."  Fed. R. Civ. P. 41(a)(1)(A)(ii).  The issue presented by CIM's Motion is whether the failure of GCU and Huntington to obtain the signature of CIM, a third-party defendant who was dismissed prior to the filing of the Joint Stipulation of Dismissal by GCU and Huntington, renders the Joint Stipulation of Dismissal ineffective under Rule 41(a)(1)(A)(ii).

As noted above, CIM does not challenge Huntington's dismissal without prejudice of the claims set forth against CIM in Second Amended Third-Party Complaint.  "A filing under [Rule 41(a)(1)(A)(i)] is a notice, not a motion.  Its effect is automatic: the defendant does not file a response, and no order of the district court is needed to end the action."  *In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 165 (3d Cir. 2008).  Huntington's now-dismissed claims against CIM were the only pending claims asserted against CIM, and CIM has not asserted a claim against any other party.  Accordingly, it is clear that all claims involving CIM have been properly and effectively dismissed in this matter pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

In *State Nat'l Ins. Co. v. Cty. of Camden*, 824 F.3d 399 (3d Cir. 2016), the United States Court of Appeals for the Third Circuit considered the effect of a stipulation of dismissal that had been signed and filed by the two remaining parties to that case, but which had not been signed by a defendant who had previously been dismissed from that matter without prejudice.[1] While the primary issue before the Third Circuit in *State National Insurance* was whether a party had filed a timely notice of appeal, the Third Circuit also found that the stipulation of dismissal in that case was "effective immediately," *State Nat'l Ins. Co. v. Cty. of Camden*, 824 F.3d 399, 411 (3d Cir. 2016), and further explained that, "[a]fter the stipulated dismissal, there was nothing left for the District Court to do. The Stipulation of Dismissal 'resolv[ed] the matter.'" *State Nat'l Ins.*, 824 F.3d at 408 (3d Cir. 2016) (quoting *Lusardi v. Xerox Corp.*, 975 F.2d 964, 970 n. 9 (3d Cir. 1992)).[2]

CIM asserts that "the Third Circuit [in *State National Insurance*] simply concluded that the stipulation with prejudice was a final judgment because it was self-executing and resolved all of the claims remaining in the case." Reply 3, ECF No. 55. The Court notes, however, that the Third Circuit in *State National Insurance* also found that the joint stipulation of dismissal at issue in that case, which had been brought pursuant to Rule 41(a)(1)(A)(ii) and which had only been signed by the two parties remaining in that action and had not been signed by a party who had previously been dismissed without prejudice, was "effective immediately," had resolved all remaining claims in that matter, and resulted in the commencement of the time to appeal. *State Nat'l Ins.*, 824 F.3d

---

[1] "During the battle over the motion to reinstate the claims against Whiteside, State National *separately* entered a stipulation of dismissal with the County of Camden on October 14, 2014." *State Nat'l Ins.*, 824 F.3d at 412 (3d Cir. 2016) (Jordan, J., dissenting) (emphasis added).

[2] The Court further notes that, in a different case, the Third Circuit has also held that a stipulation of dismissal "which was consented to *by all the parties to the third-party action*" was sufficient to terminate a third-party action. *First Nat. Bank of Toms River, N. J. v. Marine City, Inc.*, 411 F.2d 674, 677 (3d Cir. 1969) (emphasis added); *see also Century Mfg. Co. v. Cent. Transp. Int'l, Inc.*, 209 F.R.D. 647, 647 (D. Mass. 2002) (holding that "Federal Rule of Civil Procedure 41(a)(1)(ii) requires a voluntary dismissal to be signed 'by all parties who have appeared in the action.' Plaintiff, therefore, lacks standing to challenge the voluntary dismissal since it is not a 'party' to the third-party action.").

3

at 411 (3d Cir. 2016). As such, the Court concludes that GCU and Huntington's failure to obtain the signature of CIM, who had been properly dismissed before the filing of the Joint Stipulation of Dismissal, does not render the Joint Stipulation of Dismissal ineffective under Fed. R. of Civ. P. 41(a)(1)(A)(ii). Because CIM had been properly dismissed as a party prior to the entry of the Joint Stipulation of Dismissal filed by GCU and Huntington, CIM's signature was not required to effect a dismissal of GCU's claims against Huntington pursuant to Fed. R. of Civ. P. 41(a)(1)(A)(ii), and the Joint Stipulation of Dismissal is not improper or defective. The Court acknowledges that its September 18, 2020 Order granting the Joint Stipulation of Dismissal was ultimately superfluous, as "the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval." *First Nat. Bank of Toms River, N. J. v. Marine City, Inc.*, 411 F.2d 674, 677 (3d Cir. 1969) (citing 2B Barron and Holtzoff, *Federal Practice and Procedure*, § 911, p. 109 (Wright Rev. 1961); 5 Moore, *Federal Practice*, P41.02(2) (1968)). The effect, however, is the same, as this matter has been effectively dismissed without prejudice pursuant to the Joint Stipulation of Dismissal filed by GCU and Huntington.

Accordingly, upon consideration of CIM's Motion to Vacate Order Granting Improper Stipulation of Dismissal and all relevant briefing, and for the reasons discussed above, it is hereby ORDERED that CIM's Motion is denied.

                                      BY THE COURT:

                                      s/*Robert J. Colville*
                                      Robert J. Colville
                                      United States District Judge

DATED: October 21, 2020

cc/ecf: All counsel of record